[No. 2519. Decided September 14, 1897.]

JOHN WALKER, *Respondent*, v. L. E. STONE *et al.*, *Appellants*.

FISHERY REGULATIONS — RIGHTS OF LICENSEES — INJUNCTION.

Laws 1891, p. 171, regulating salmon and sturgeon fishing, and Laws 1893, p. 15, regulating the catching of salmon and provid-

17  578
d20  494
17  578
f22  396
—————
17  578
26  640

ing for the licensing thereof are upon the same subject matter, and should be construed together so far as possible.

The act of 1893 limiting the right to licenses for catching salmon to residents and citizens of the state must be interpreted in the light of the act of 1891 providing that it shall be unlawful for any person to catch salmon in the waters of the state or over which the state has concurrent jurisdiction, unless such person be a citizen of the United States, or has declared his intention to become such one year prior thereto, and has been for six months an actual resident of the state.

The legislature has power to license fishing within the waters of the state and give exclusive control for the period of one year for the operation of fixed appliances therefor, without violating the inhibition against granting exclusive privileges to such waters.

A license to fish is a franchise which entitles the holder to maintain an action for injunction against any infraction of his rights.

The fact that any trespass upon one's rights under a franchise constitutes a misdemeanor punishable criminally does not militate against the holder's right to protection in equity.

Appeal from Superior Court, Pacific County.—Hon. W. W. LANGHORNE, Judge. Affirmed.

*Fulton Bros.*, for appellants.

*C. C. Dalton*, and *Hewen & Stratton*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent commenced an action in the superior court of Pacific county to enjoin appellants from constructing a pound net for fishing within 900 feet laterally of respondent's set net and set net location. On the 27th of January, 1896, respondent was granted a license by the fish commissioner, under the act to regulate and license the catching of salmon, approved February 10, 1893 (Laws 1893, p. 15), to construct and operate stationary appliances and a set net to be operated in Baker's Bay. Respondent afterwards constructed at considerable cost and expense a set net and gave the proper notice thereof.

Appellants, on February 7, 1896, began driving piles in the bed of the river for the purpose of constructing a pound net for catching salmon, and in such a manner and position that the distance of the lateral passage way between the same and respondent's set net did not exceed 100 feet.  On February 14, 1896, the appellant Lindsey E. Stone obtained a license from the fish commissioner to use stationary appliances and construct a pound net in Baker's Bay.  The appellants denied that they encroached or were encroaching upon the lateral way given to respondent by the statute.  They also set up that respondent was not a citizen of the state at the time he obtained the license, and also maintain that the license does not grant an exclusive privilege to fish over the extent of water designated by the statute.

The legislature passed an act in 1891 to regulate salmon and sturgeon fishing (Laws 1891, p. 171), in which it was declared to be unlawful for any person to fish for, or take for sale or profit, any salmon, sturgeon or other food fish in any of the rivers or waters of this state, or over which it has concurrent jurisdiction, unless such person be a citizen of the United States, or has declared his intention to become such one year prior thereto, and has been for six months an actual resident of the state.  Any person with the above described qualifications might go before the county clerk in any county and furnish satisfactory evidence of his citizenship or other qualifications to the clerk, and thereupon the clerk should issue to him a certificate, and thereafter such certificate is *prima facie* evidence of his citizenship and residence as required by law.  The time for fishing had also been regulated.  In 1893 the legislature further provided in the act heretofore mentioned, to regulate and license the catching of salmon, what persons might own and operate a pound net, trap, set net and other

fixed appliances, and provided that no license should be issued to any one who was not a resident and citizen of the state. The act also regulates the measure of the meshes and provides that the fish commissioner shall collect for each license for a pound net or other fixed appliance the sum of $10 annually; for each set net the sum of $2. It also provides that there shall be an end passage way of at least 30 feet and a lateral passage way of at least 900 feet between all pound nets, set nets and other fixed appliances constructed in places within the waters of the Columbia River and its tributaries. Also provides that any person violating these provisions shall be deemed guilty of a misdemeanor and on conviction be fined.

The superior court heard considerable testimony introduced at the trial, and found that defendants were constructing their pound net within the 900 feet inhibited by the statute, and also found that the respondent had duly obtained his license and commenced the erection of his net before appellants procured the license. Without following the discussion of the question of state citizenship, as presented in the arguments before the court, we have concluded that the acts of March 6, 1891, and February 10, 1893, are upon the same subject, and that the term " citizen and resident " is used in the same sense in both acts. And we think the term " citizen " is rather loosely used in the act of 1893. This has frequently been done. Morse, Citizenship, p. 124.

And we do not think it necessary here to define citizenship in this state.

The legislature had the power to license fishing and to give exclusive control for a reasonable distance of the water after the construction of a net or other fixed appliance for fishing, and for the limited period of one year. Such license does not come within the inhibition of grant-

ing an exclusive privilege to the waters by the state. Such license is a franchise of which the violation is an injury and properly cognizable in equity. The fact that it is deemed a misdemeanor does not militate against its protection in equity. The respondent, having a license and constructing his net, was entitled to an injunction against any infraction upon the rights under his franchise.

We perceive no error in the judgment of the superior court, and it is affirmed.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.