[No. 3038. Decided January 10, 1899.]

GEORGE GERHARD, *Respondent,* v. HARRY WORRELL *et al.,*
*Appellants.*

FISHERIES—WATERS OF PUGET SOUND—RIGHT TO SET-NET LICENSE—
ASSIGNMENT OF LICENSE—FINDINGS OF COURT—ERRONEOUS CONCLU-
SIONS OF LAW—HOW FAR BINDING.

Under Laws 1897, p. 218, § 7 (Bal. Code, § 3353), traps and pound nets are recognized as the only fixed appliances for which licenses may be issued for fishing locations in the waters of Puget Sound.

A decree which coincides with, and is fully supported by, correct findings of fact, will not be set aside because the court has erred in some of its conclusions of law, under Code Proc., § 380 (Bal. Code, § 5030), making the findings of fact in an action tried by the court correspond with the verdict of a jury; nor is an incorrect conclusion of law, unexcepted to, binding on the appellate court.

Where notice is not given to the fish commissioner of an attempted transfer of a fishing license and of the location and appliances in use thereunder, the person attempting to transfer is guilty of a misdemeanor, under Laws 1897, p. 215, § 3 (Bal. Code, § 3349), and such attempted transfer amounts to an abandonment of the location and can confer no rights upon the assignee.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Affirmed.

*Kerr & McCord,* for appellants.

*Fairchild & Bruce,* and *Dorr & Hadley,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Defendants have appealed from a decree of the superior court of Whatcom county enjoining them from interfering with plaintiff in the use of a fishing location in the waters of Puget Sound. The correctness of the findings of fact is not seriously questioned, a portion only of a single finding being urged as unsupported by the evidence. That portion we consider quite immaterial to a proper disposition of the case, and, inasmuch as the error in the finding is not discussed in the brief, we would be justified in refusing to consider it, even if it were regarded material. However, we think the evidence sustains the finding. The decree must be affirmed for numerous reasons. It appears from the record that the plaintiff bases his right upon a location made on the 31st day of December, 1897, under pound net license No. 1663, issued to him by the fish commissioner of the state. The location was made by driving piles and placing the license number thereon, as required by law. The defendants claim under the set net license issued to defendant Worrell in June, 1897, under which, it is claimed, Worrell made a location of the premises in question in the month of November, 1897. Thereafter, Worrell assigned his license and location to appellant Steele, who had theretofore, viz., in March, 1897, received from the fish commissioner pound net fishing license No. 347. On April 3, 1898, Steele removed the set net numbers from the location, and substituted for the set net numbers his pound net license No. 347. This latter license, as a matter of fact, had expired prior to such substitution, although Steele appears not to have been aware of that fact at the time of making the change. Subsequently, to-wit, on April 18, 1898, Steele procured a new

pound net license, No. 533, in renewal of license No. 347, and thereupon renewed his location of the premises by driving more piles and placing the number of license No. 533 thereon. So that appellants' claim is based upon set net license from November, 1897, to April 3, 1898, pound net license No. 347 from April 3, 1898, to April 18, 1898, and pound net license No. 533 from April 18, 1898, down to the time of the trial. We think that under the provisions of the statute (§ 7, p. 218, Laws 1897, Bal. Code, § 3353), a location can be reserved or protected for but two devices or appliances, viz., "traps or pound nets," and that the reservation of a location under a set net license is not authorized by the statute. That much of § 7 as applies to the present case is as follows:

"Any person or corporation, after having obtained a license as provided for in this act, shall indicate locations for *traps or pound nets* made under such license, by driving at least three substantial piles thereon."

The same section fixes the license fee to be paid for each pound net (except on the Columbia river or on Willapa harbor) at twenty-five dollars and each set net at one dollar. The case of *Walker v. Stone,* 17 Wash. 578 (50 Pac. 488), arose under the statute of 1893. That case related to rights upon the Columbia river. The act of 1893, which governed that case, distinctly named the set net as a fixed appliance. But § 7, *supra,* of the present act, which is the only authority at present to be found in the law authorizing the reservation of a fishing location in the waters of Puget Sound, limits the right to "locations for traps or pound nets." It seems clear, therefore, that the appellants could not, under a set net license, appropriate a location for the operation of such net. In the absence of any statute upon the subject, no exclusive right to any portion of the fishing district could be appropriated by any one, the right being common to all; and the statute which

authorizes reservations to be made does not extend the right to the holder of a set net license. This view is further strengthened by a still further reference to the respective acts of 1893 and 1897 upon the subject. Section 5 of the act of 1897 (Bal. Code, § 3351) is a re-enactment of the act of 1893, omitting in the re-enactment the words "set nets and weirs" in the enumeration of fixed appliances authorized to be constructed within the waters of Puget Sound, but retaining them in the enumeration of the fixed appliances authorized in the Columbia river. These omissions, both in § 5 and § 7 of the present act, are very significant and plainly indicate that the legislature recognized a distinction between the natural conditions existing in the two districts. The swift current of a mighty river like the Columbia, abounding in whirlpools and rapids, affords facilities for the use of set nets almost, if not entirely, unknown to the placid waters of the Sound.

But appellants insist that this court is not at liberty to determine the character of a set net, because the trial court concluded that a set net was a fixed appliance, and a location therefor might be indicated by driving piles, etc., and such conclusion was not excepted to by the respondent. We cannot agree with the position thus taken, and, as there seems to be room for a difference of opinion in regard to this subject, we deem it important to determine whether a decree, which coincides with, and is fully supported by, correct findings of fact, can be set aside because the court has erred in some of the numerous conclusions thereon. Findings of fact in an action tried to the court, either legal or equitable, correspond with the verdict of the jury. In § 5030, Bal. Code (2 Hill's Code, § 380), it is stated that "the finding of the court upon the facts *shall be deemed a verdict.*" While it is proper practice to make separate conclusions, yet the findings of fact must be considered as controlling the conclusions of law, and the judg-

ment or decree must accord with the findings; and, if it does so accord, it is quite immaterial that it is inconsistent with a particular conclusion. In other words, the findings of fact must be given the force of a special verdict, and the conclusions of law that of a general verdict, and it is elementary that the special verdict will control the general one. *Willey v. Morrow,* 1 Wash. T. 478.

Another reason requiring an affirmance is that whatever right Worrell had to the location in question under his set net license became forfeited when he attempted to transfer the license to Steele. Section 3 of the act of 1897, *supra* (Bal. Code, § 3349), permits licenses to be assigned or transferred "to any person or corporation entitled to hold licenses under the provisions of this act when any of the aforesaid mentioned appliances for fishing are sold or transferred; but notice must be given to the fish commissioner of said transfer or assignment by the transferee within twenty days from the date of said transfer or assignment." The section further provides that any person violating any of its provisions shall be guilty of misdemeanor. It is not claimed that there was any attempt to comply with these provisions, and the attempt to transfer under such circumstances amounted to an abandonment of the location, so far as Worrell is concerned, and conferred no right upon Steele. The subsequent location or attempted location of the premises by Steele on a pound net license came too late, because, as hereinbefore stated, the right of the plaintiff had attached. And still again, even if Worrell had a right to reserve the location under his set net license, and if his attempted transfer of the license and evidence of location could be upheld by rights thereunder, the right was lost upon April 3, 1898, by the removal of the number of the set net license location and the substitution of the number of the pound net license, 347, which had theretofore expired. So that, viewed

from any standpoint, Steele had no legal right to hold the location in question from April 3, 1898, until April 18, 1898. And during that entire time the location bore the number of plaintiff's license and the other evidence necessary and essential to a valid location under § 7, *supra*. We deem it unnecessary to extend the discussion. For the reasons stated the decree must be affirmed.

DUNBAR, ANDERS and REAVIS, JJ., concur.