[No. 3464. Decided April 18, 1900.]

W. A. HALLECK, *Respondent,* v. J. L. DAVIS, *Appellant.*

FISH COMMISSIONER—EXERCISE OF POWERS—REVIEW BY COURTS.

Under Laws 1899, p. 194, prohibiting fishing with fixed appliances in any river flowing into Puget Sound and within a distance of three miles from the mouth of any such rivers, and authorizing the fish commissioner, for the purpose of enforcing the law, to indicate the mouths of said rivers by driving piles therein, the action of the fish commissioner in locating the mouth of any river at a given point cannot be reviewed by the court, when brought in question collaterally.

FISHERIES—LOCATION—MEASUREMENT FROM RIVER MOUTH.

Laws 1899, p. 194, prohibiting the erection and maintenance of fixed appliances for fishing within three miles of the mouth of any river flowing into Puget Sound, contemplates that the measurement to determine whether the act has been violated should be made over an all-water course, and not in a straight line across the uplands.

Appeal from Superior Court, Skagit County.—Hon. JESSE P. HOUSER, Judge. Reversed.

*Dorr & Hadley,* for appellant.

*J. L. Corrigan* and *M. P. Hurd,* for respondent.

PER CURIAM.—By the act of the legislature of March 13, 1899 (Session Laws 1899, p. 194), it was enacted that:

"Hereafter it shall be unlawful to construct, own, operate and maintain within any of the rivers of this state flowing into Puget Sound, and within said bodies of water within a distance of three miles from the mouth of any of such rivers, . . . any pound net, trap, weir, fish wheel, or other fixed appliance, set lines excepted, for the purpose of catching salmon or other food fishes, and for the purpose of enforcing the provisions of this section, the fish commissioner shall indicate the mouths of said rivers by driving piles therein."

The act also provides (§ 2) for the licensing of persons desiring to fish with any of the appliances above mentioned, and requires that every person desiring to fish with any pound net, fish trap, or other fixed appliance, shall indicate the location thereof by driving piles at the place selected, and provides (§ 9) that he may file a description thereof sufficient for identification with the fish commissioner, and "shall thereafter have the exclusive right to fish such location, and to sell and transfer such right during such time as the locator or owner of such right shall comply with the requirements of the law pertaining thereto in other respects." The appellant, having procured a

pound net license as required by the act, constructed a
pound net for the purpose of fishing for salmon near what
is commonly known as "Tokan Islets," in Skagit Bay, the
point selected being in a northwesterly direction from the
mouth of the north fork of the Skagit river. The respond-
ent brought this action to enjoin the appellant from oper-
ating the trap, and to require him to remove it from the
point where it is located, alleging that it is within the pro-
hibited distance from the mouth of the north fork of the
Skagit river. The trial court found that the appellant's
trap, measured from the point where the fish commissioner
had located the mouth of the river in the most direct line
over an all-water course, was without the three mile limit,
but measured in a straight line across the uplands it was
within the prohibited distance. He also found that the
true mouth of the river was not at the point where the fish
commissioner had located it, but was actually a consider-
able distance from that point towards the direction of the
appellant's fish trap, and further found that from the
point of the true mouth of the river the appellant's trap
was within the prohibited distance, whether measured in
the most direct line over an all-water course, or in a
straight line across the uplands, and entered a decree en-
joining the appellant from using the trap, and requiring
its removal.

It seems to us manifest that the court's findings and
judgment are wrong. The act provides that the fish com-
missioner shall designate the mouths of the rivers coming
within the terms of the act, for the purposes of its enforce-
ment. This provision of the act is just as obligatory and
controlling on the courts as is any other provision contained
in it, and, however wrongful or erroneous the court may
conceive the judgment exercised by the fish commissioner
in locating the mouth of a river to be, it cannot substitute

its own judgment for the judgment of the commissioner in a proceeding brought to determine whether an individual has violated the terms of the act. Whether the courts may, in a direct proceeding, review the commissioner's action in this behalf, it is not necessary here to decide; what we do decide is that his action cannot be reviewed when brought in question collaterally.

The measurement to determine whether the act has been violated should be made over an all-water course. To measure in a direct line between the mouth of the river and the trap, owing to the sinuosities of the course of the shore line bordering on the bodies of water composing Puget Sound, would often lead to the incongruity of making it unlawful to erect a trap in the fish channel leading to the mouth of a river at a certain point, while making it lawful to erect a trap in the same channel between that point and the mouth of the river.

The constitutional question suggested, viz., the power of the legislature to grant an exclusive privilege to fish in certain waters for a limited time, was decided against the contention of the respondent in *Walker v. Stone,* 17 Wash. 578 (50 Pac. 488). As we are satisfied with the conclusion there reached, the question will not be reviewed here.

The judgment of the lower court is reversed, and the cause remanded, with instructions to enter judgment for the appellant.