[No. 33115.   Department One.   September 8, 1955.]

AL SHIELEE, *Appellant*, v. F. A. HILL *et al., Respondents.*[1]

[1]Reported in 287 P. (2d) 479.

*Maslan, Maslan & Hanan* and *Bennett Hoffman*, for appellant.

*Hull & Armstrong* and *J. A. Vander Stoep*, for respondents.

OTT, J.—August 18, 1951, the plaintiff, Al Shielee, engaged a room at the Lewis and Clark hotel, operated by the defendants F. A. Hill and wife at Centralia, Washington. Among the facilities provided for the hotel guests was a passenger elevator, which serviced all floors of the hotel. The elevator was operated by means of a handle which, when turned to the extreme right, moved the elevator downward at a rate of three hundred feet per minute, when turned one-half way to the right, at one hundred feet per minute, and, when straight up, the control was in neutral position and the brakes were set. The elevator was also equipped with an automatic mechanism which controlled the downward speed to the lobby level and set the brakes, thus stopping the elevator at the main floor level, irrespective of the manual controls. The rated capacity of the elevator was eighteen hundred pounds.

Myron Gowan, aged sixteen, was an employee of the defendants and, among his other duties, was authorized by them to operate the elevator. He had been performing these duties for approximately six weeks preceding August 18, 1951.

At approximately 6:30 p. m. on that date, plaintiff and his wife entered the elevator on the fifth floor. Aside from the operator, Myron Gowan, they were then the only occupants of the elevator. At the fourth floor, eight other persons became passengers in the elevator. The total weight load in the

elevator was then estimated to be from sixteen to seventeen hundred pounds. Myron Gowan commenced the descent from the fourth floor by moving the handle to the extreme right. When he observed at the second floor that the elevator did not slow as much as normal, he moved the handle to the second speed and then to neutral to set the brakes. The elevator did not .stop at the first floor level, but continued on until the mechanism on the bottom of the elevator contacted the bumper springs approximately fourteen inches below. The force of the contact was described by some of the witnesses as slight, and by others as quite severe.

An elevator inspector with more than thirty years' experience described the proper manual operation of the controls of the elevator exactly as Myron Gowan had manipulated them at the time of the incident. He further testified that he had inspected this elevator twice each month for several years and, on the last inspection only five or six days previous to the accident, had found nothing defective or irregular about the equipment. He inspected the elevator several days subsequent to August 18th, before any adjustment or repair had been made, and found nothing defective about it. He could not explain the reason for the elevator failing to function on the occasion in question as, in his opinion, it was in proper working order at all times.

Plaintiff claimed bodily injuries as a result of this incident. This action for damages against the defendant operators of the hotel followed. The complaint alleged no specific act of negligence on the part of the defendants, but relied solely upon the doctrine of *res ipsa loquitur*. The answer of the defendants denied any negligence.

The cause was tried to a jury. From the judgment of dismissal based upon a verdict for the defendants, the plaintiff has appealed.

Appellant's sole assignment of error is that the court erred in giving instruction No. 11, which is as follows:

"You are instructed that the competency, experience and training of Myron Gowan, the operator of the elevator, is not to be considered by you in the determination of

whether or not plaintiff is entitled to recover in this case. Even if it be assumed that Myron Gowan was incompetent, inexperienced and not properly or adequately trained or instructed as an operator of the elevator in question, such is not a ground of negligence as against the defendants.

"The question, rather, is as to the conduct of Myron Gowan as the operator of the elevator. Unless you find by a preponderance of the evidence that under the rules of law as given you in these instructions, the said operator was negligent, and his negligence was a proximate cause of injuries or damage to the plaintiff, then the plaintiff is not entitled to recover by reason of the acts or conduct of the said operator. In all events the question of the operator's general competency, training, instruction and experience are immaterial and are not to be considered by you."

The appellant contends that, since the law places upon the respondents the duty to exercise the highest degree of care in the maintenance and operation of its equipment, "it would follow, therefore, that the competency of an employee is material and should be considered by a jury in determining whether or not an employer has breached such duty to have competent employees." The appellant states in his brief that there is no Washington case which supports his contention, and we likewise have found none.

Under the rule of *respondeat superior,* the respondent employers were responsible for the acts of negligence of Myron Gowan, their employee, while he was performing the duties of his employment. *Hein v. Chrysler Corp.,* 45 Wn. (2d) 586, 600, 277 P. (2d) 708 (1954), and case cited. If, in the operation of the elevator, the employee did not use the highest degree of care for the safety of the passengers of the elevator, and such failure was a proximate cause of the injuries sustained, his employers must answer in damages therefor.

The duty to exercise the highest degree of care is the same, whether the operator is competent or incompetent, experienced or inexperienced. Negligence is not synonymous with competency and experience, nor with incompetency and inexperience. In the performance of his duty, the most competent and experienced person may be negligent.

Likewise, the most incompetent and inexperienced person may be entirely free of any acts of negligence.

In the instant case, the question of the competency of Myron Gowan as an operator of the elevator was not involved, because the respondents, under the doctrine of *respondeat superior*, were responsible for his misconduct, if any, irrespective of how careful or careless respondents may have been in selecting him for the job or retaining him in their employment.

We find no merit in appellent's first contention.

The appellant further contends that, regardless of whether or not the doctrine of *respondeat superior* applies, the competency of the elevator operator was material, upon the theory that the respondents were primarily negligent in failing to exercise the highest degree of care in selecting and retaining a competent operator.

Although there are some decisions to the contrary, we find that the following announced principles establish the prevailing views:

35 Am. Jur. 978, § 548: "While an employer may owe to his employees a duty to engage, and retain in his employment, only competent coemployees, it seems clear that so far as the liability of the employer to a third person is concerned, his failure to hire only competent and experienced employees does not of itself constitute an independent ground of actionable negligence. Liability to a third person for the act of an employee, if any, must be predicated upon the wrongful act or omission of the employee at the time of the infliction of the injury complained of, or at least upon an act or omission which in the case of an experienced or competent person would have been wrongful. If the employee has done no such act or omission, there is no liability on the part of the employer, however inexperienced, incompetent, and unfit for their tasks the defendant's employees may have been."

In *Davis' Administrator v. Ohio Valley Banking & Trust Co.*, 127 Ky. 800, 811, 106 S. W. 843 (1908), the court of appeals of Kentucky said:

"It seems entirely probable that, if the operator had been a grown person, and competent, in place of a thoughtless boy, the accident would not have happened; but whether

or not the operator was qualified to discharge the duties of the place is not a material inquiry, under our conception of the law of the case. The operator was placed in charge of the elevator by appellee. It thus assumed responsibility for his acts. . . . The liability of appellee is to be tested in this particular case, not by the age, understanding, or fitness of its employe, but by his acts."

In *Denver City Tramway Co. v. Cowan*, 51 Colo. 64, 70, 116 Pac. 136 (1911), the supreme court of Colorado said:

"In the case at bar, neither the condition of the car nor the incompetency of the servants is involved. The plaintiff could recover only by showing that the servants of defendants in charge of the car, were guilty of negligence, resulting in his injuries at the time and place alleged. . . . If defendant's servants were not negligent at the time plaintiff sustained the injuries of which he complains, it was wholly immaterial how habitually and recklessly negligent they might have been prior thereto; or, if they were negligent then, how careful and prudent they had previously been. The incompetency of the servants, and notice thereof on the part of defendant, because of the nature of the case, were wholly immaterial, and the case must necessarily be determined under the general rule."

Several cases have been cited in the briefs in which this court has held an employer responsible for the negligent acts of his employee which caused injuries to a third person, when he knowingly had retained an employee with violent propensities. *La Lone v. Smith*, 39 Wn. (2d) 167, 234 P. (2d) 893 (1951), and cases cited.

Those cases are distinguishable from the case at bar (1) because the acts of negligence were performed beyond the scope of the employment and, therefore, the rule of *respondeat superior* did not apply, or (2) because the employer knew or should have known the dangerous propensities of his servant and, hence, the employer was held liable, in that he was primarily negligent for retaining such employee.

In the case at bar, under the doctrine of *res ipsa loquitur*, the acts of the employee are inferred to have been negligent. However, they were performed in the course of his employment and, therefore, the doctrine of *respondeat*

*superior* applies. We hold that the giving of instruction No. 11 was not error.

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

'Reported in 287 P. (2d) 739.