[No. 5757–1.   Division One.   December 18, 1978.]

THE DEPARTMENT OF HIGHWAYS, *Respondent,* v. EVANS
ENGINE AND EQUIPMENT CO., INC., *Defendant,*
DORWIN TRUCKING, INC., *Appellant.*

*Elvidge, Veblen, Tewell, Bergmann & Thorpe* and
*Duane Tewell,* for appellant.

*Slade Gorton, Attorney General,* and *Scott C. Neilson,
Assistant,* for respondent.

DORE, J.—The trial court entered judgment for the State
of Washington against defendant Dorwin Trucking, Inc.,
only, and dismissed the State's case against Evans Engine
and Equipment Co., Inc. Dorwin appeals.

## Issue

Whether the trial judge correctly interpreted the jury's special verdict pursuant to CR 49(a) in entering a judgment against defendant Dorwin Trucking, Inc., only?

## Facts

The State of Washington brought an action against Evans Engine and Equipment Co., Inc., and Dorwin Trucking, Inc., for damages to an overpass on Interstate 5. A Dorwin tractor–trailer rig was hauling an Evans backhoe at the time of the accident. An Evans employee riding in the cab of the backhoe was responsible for keeping the backhoe's bucket off the highway. Another Evans employee named Hill was following in a rear flag car. As a result of adjustments to the backhoe's bucket to keep it from striking the road, the boom was raised higher and higher. Evans' driver in the flag car failed to warn anyone about the boom's height increase and the boom struck the underside of an overpass. The parties stipulated to $100,000 in damages.

The jury was asked to render a special verdict on liability. They answered seven interrogatories as follows:

INTERROGATORY No. 1. Were the damages sustained by the State of Washington caused by the negligence of the employee/truck driver of defendant, Dorwin Trucking, Inc.?

ANSWER: Yes.

INTERROGATORY No. 2. Were the damages sustained by the State of Washington caused by the violation of maximum permitted height limits?

ANSWER: Yes.

INTERROGATORY No. 3. Were the damages sustained by the plaintiff State of Washington caused by the negligence of the Evans Engine & Equipment Company, Inc. employee who was in the cab with the backhoe at the time of the accident?

ANSWER: No.

INTERROGATORY No. 4. Were the damages sustained by the plaintiff, State of Washington, caused by the negligence of the Evans Engine & Equipment Company, Inc.

employee driving the rear flag vehicle at the time of the accident?

ANSWER: Yes.

INTERROGATORY No. 5. If you found that the State's damages were caused by the negligence of the Evans' employee in the cab of the backhoe, was that employee loaned as defined in these instructions to defendant Dorwin Trucking Company, Inc. at the time of the accident?

ANSWER: Yes.

INTERROGATORY No. 6. If you found that the State's damages were caused by the negligence of the Evans' employee driving the rear flag vehicle, was that employee loaned as defined in these instructions, to Dorwin Trucking Company, Inc. at the time of the accident?

ANSWER: Yes.

INTERROGATORY No. 7. Were employees of defendant Evans Engine & Equipment Company, Inc. negligent in loaning one or more incompetent servants to Dorwin Trucking Company, Inc.?

ANSWER: Yes.

After discharge of the jury, Evans moved to strike the answers to interrogatories Nos. 4 and 7 on the basis that there was no evidence in the record to support them and that they were inconsistent with answers to other interrogatories. This motion was denied and the trial court entered judgment concluding that defendant Dorwin alone was liable for damages. Dorwin contends that the judgment was inconsistent with the jury's verdict, and that judgment should also have been entered against Evans.

## DECISION

■ It is the rule in this state that answers to special interrogatories should, if possible, be read harmoniously to support a judgment. *State ex rel. Upper v. Hanna,* 87 Wash. 29, 151 P. 83, 1087 (1915); *Van Cleve v. Betts,* 16 Wn. App. 748, 559 P.2d 1006 (1977). When an irreconcilable inconsistency exists, however, the appellate courts will not hesitate to reverse the judgment. *Gilmartin v. Stevens Inv. Co.,* 43 Wn.2d 289, 261 P.2d 73 (1953); *Tuthill v.*

*Palermo,* 14 Wn. App. 781, 545 P.2d 588 (1976). Further-more, a judgment must be entered that is consistent with the special verdict because the special verdict controls over any inconsistent general verdict. *Gilmartin v. Stevens Inv. Co., supra; Gerhard v. Worrell,* 20 Wash. 492, 495–96, 55 P. 625 (1899).

It is stated in 2 L. Orland, Wash. Prac. § 293 (3d ed. 1972):

1. In General

A verdict of the jury may contain matter that is not directly in answer to the question of fact presented to them. Such matter may be mere surplusage, or it may be such a nature that it in some degree qualifies the general or special verdict. In either case it presents a question of interpretation. When the jury has been discharged and can no longer amend the verdict it becomes the duty of the court to determine its legal effect and meaning.

2. Surplusage

One of the principal rules that aid in this situation is one that arises out of the basic province of the judge and the jury. Where the added matter in the verdict is plainly an attempt on the jury's part to determine the law *as well as decide the facts, such matter is without the jury's province and will be ignored as surplusage.*

. . .

3. Uncertainty

Where the additional words in the verdict throw some doubt upon the finality of their decision as expressed in the essential part of the general verdict, it often becomes a nice question of law for the court to decide whether the general verdict, without the surplusage, expresses the true intent of the jury, or whether the added words are a qualification of the general verdict. When it is too late to send the jury back to clarify its verdict the court must decide this question. *Many cases have gone to the appellate court on the correctness of the trial judge's interpretation of such verdicts.*

Where the jury has rendered a special verdict, and no general verdict, greater certainty in their findings is nat-urally required, *as the court must use the special find-ings of the jury as its findings of fact and enter judgment upon them.* When it cannot safely enter judg-ment on the uncertain answers in the special verdict it

would be intruding on the province of the jury for the judge to determine for himself what is the fact that the jury did not find. *An uncertainty may sometimes be resolved by a consideration of the issues, the evidence, the admissions of the parties, and the instructions of the court, all of which the jury presumably had in mind when making its answers to the special verdict questions.*

(Footnotes omitted. Italics ours.)

In this case it was the trial court's duty to interpret the jury's special verdict and enter judgment accordingly. In commencing our analysis, we wish to point out that no exceptions were taken to jury instructions or any of the questions or answers of the special interrogatories by either party. The court, by inserting the jury's interrogatories and answers in their entireties into his judgment, made them his findings of fact and conclusions of law. No exceptions were taken to such findings and conclusions. Respondent Evans moved to strike interrogatories Nos. 4 and 7 and their answers, but the court refused, as recorded on the face of the judgment. By this action the court specifically found that the answers to interrogatories Nos. 4 and 7 were consistent with the answers to the other interrogatories and that there was adequate proof in the record to support them.

As neither party transcribed the trial proceeding for this appeal, the only record we have to examine are the interrogatories, their answers, and the court's instructions, to test the correctness of the trial court's ruling. Let us examine some of the pertinent parts of the court's instructions.

Instruction No. 5

Plaintiff and Dorwin Trucking Company, Inc. claim that Evans Engine and Equipment Company was negligent in the following respects by:

(1) Failing to operate the backhoe with due care; and/or

(2) Furnishing an operator that it knew or should have known was insufficiently experienced; and/or

(3) *Failing to exercise due care in keeping a lookout from the rear flag vehicle.*

(Italics ours.)

### Instruction No. 7

A corporation acts only through its agents. A corporation is said to act when the acting agent was engaged to perform services in the corporation's affairs and the corporation had control or had the right to control the acting agent's physical conduct in the performance of the services.

### Instruction No. 8

Since a single act may be done to effect the purposes of two independent employers, *a person may be the servant of two masters,* at one time as to one act, if the service to one does not involve abandonment of the service to the other.

(Italics ours.)

### Instruction No. 12

It is unlawful for any vehicle, loaded or unloaded, to exceed a height of 13 feet six inches above the level surface upon which the vehicle stands. The State Highway Commission may, by special permit, authorize the operation of vehicles and combinations of vehicles which exceed the above restriction, in which case, the maximum height limit is that specified in the permit. Where a vehicle, loaded or unloaded, does not exceed the specified height limits in the permit, the owner or operator of the vehicle, nevertheless, must exercise due care in determining that sufficient vertical clearance is provided upon the public highways where such vehicle is being operated. Any person operating a vehicle or moving an object or conveyance upon any public highway in the State shall be liable for all damages which a public highway, bridge or elevated structure may sustain as a result of any illegal operation of such vehicle or the moving of such object or conveyance.

On hearing the evidence and after being instructed on the law, the jury found the Evans employee driving the rear flag vehicle negligent, which negligence proximately caused plaintiff's damages. In analyzing the jury's answers to interrogatories as a whole, the most reasonable interpretation is that the jury found:

1. That corporations such as Evans act through their employees, and that such corporations are responsible in tort for such employees' negligence causing damages when performed within the scope of their employment.

2. That Evans was negligent in loaning incompetent employees to Dorwin.

3. That Evans employee Hill, driving the rear flag vehicle and having a duty to be a careful lookout, failed to exercise due care in keeping such a lookout from the rear flag vehicle, causing damages to plaintiff State of Washington.

4. That such employee Hill, at the time of the accident, was the servant of Dorwin and/or Evans.

Respondent throughout its brief and in oral argument stated:

> The trial court did not err in holding that Evans Engine could not be negligent in loaning their employee who drove the rear car because the loaned employee did not owe a duty to watch and report on the height of the boom on the backhoe.

However, there is nothing in the record that supports respondent's contention that the trial judge stated "there was no such duty," and the jury in their answers to interrogatories found to the contrary.

In *Schwab v. Department of Labor & Indus.*, 76 Wn.2d 784, 459 P.2d 1 (1969) our Supreme Court held while it is preferable that the jury be asked for a special verdict answering specific interrogatories concerning the ultimate factual issues, it is not error to submit to the jury *one* interrogatory tantamount to a general verdict, (*i.e.*, for the death of a proximate resulting industrial injury), for the jury is adequately instructed on the factual determinations it must make under the circumstances of the case to support its ultimate conclusion.

We feel that the facts in the subject case are very close to *Schwab*. In this case the jury affirmatively answered interrogatory No. 4, as follows:

> Were the damages sustained by the plaintiff State of Washington caused by the negligence of the Evans

Engine and Equipment Company, Inc. employee driving the rear flag vehicle at the time of the accident?

ANSWER: Yes.

The jury thus decided the vital facts of determination necessary to establish the legal conclusion of compensability. The jury, in answering interrogatory No. 4, made the ultimate determination of liability upon the defendant Evans. Although technically interrogatory No. 4 with its answer was a special verdict, it was tantamount to a general verdict. Consequently there was nothing for the trial judge to interpret and his only function was to enter a judgment based on the special verdict. The answer to interrogatory No. 4 by itself was sufficient to require a judgment against Evans.

*State ex rel. Upper v. Hanna,* 87 Wash. 29, 151 P. 83, 1087 (1915), was a case involving the determination of whether or not a county commissioner was involved in trying to defraud the county. The matter was submitted to a jury on three interrogatories. The answer to interrogatory No. 2 was consistent with the innocence of the commissioner, but the answer to interrogatory No. 3 indicated the commissioner was guilty. These inconsistent answers were reconciled by the court by striking interrogatory No. 3 and its answer, so it would not conflict with the answer to interrogatory No. 2. On page 37 of the reported case the court said:

> Upon the jury's findings upon the first and second interrogatories, the judgment should have been entered for appellant. We adopt these findings as being amply supported by the evidence, and ignore the third finding as being uncertain and inconclusive.

We hold that once the answer to interrogatory No. 4 was made determining liability in Evans, the subsequent interrogatories and answers to the same were surplusage, and if inconsistent with the answer to interrogatory No. 4, should have been stricken.

The trial judge apparently saw something in the record which caused him to have problems with the meaning of

the jury's verdict. Perhaps there was no evidence to support some of the jury's findings, but that issue is not raised on appeal by Evans. Evans chose not to provide us with the record to show us what, if anything, supports the trial court's interpretation of the special verdict. We are, therefore, limited in our review to deciding what conclusions of law should be drawn from the special verdict, which, in the subject case, is the general verdict. *See Traders & Gen. Ins. Co. v. Mallitz,* 315 F.2d 171, 175 (5th Cir. 1963).

We reverse and direct the trial judge to enter judgment for the plaintiff against the defendant Evans.

JAMES, J., concurs.

ANDERSEN, A.C.J. (concurring in the result)—Only one of the special interrogatories and answers dealt with *incompetency.* It reads:

INTERROGATORY NO. 7:
Were employees of defendant Evans Engine and Equipment Company, Inc. negligent in loaning one or more incompetent servants to Dorwin Trucking Company, Inc.?
ANSWER: Yes

Only one of the trial court's instructions instructed on *incompetency.* It reads:

*If you find that Evans Engine and Equipment Company, Inc. knew, or should have known, that its employee, Mr. Tilden, [the backhoe operator,] was incompetent to do the job at hand so as to involve an unreasonable risk of harm to the property of others, you should find that Evans Engine and Equipment Company, Inc. is liable for plaintiff's damages.* In deciding this issue, you should consider whether the particular undertaking is reasonably capable of safe performance by a person of normal competent [*sic*] and skill. If so, there is generally no negligence in using such a person unless Evans Engine and Equipment Company, Inc. had some cause to know that he was incompetent. Evans Engine and Equipment Company, Inc. is entitled to act upon the assumption that a human being whom it uses is competent, unless its employees knew, or should have known,

that the particular person assigned to the job was incompetent, or is one of a class generally recognized as being incompetent or likely to be so.

(Italics mine.) Instruction No. 14.

The jury was instructed as to its duty:

It also is your duty to accept the law from the court, regardless of what you personally believe the law is or ought to be. You are to apply the law to the facts and in this way decide the case.

Instruction No. 2 (part).

Thus the special interrogatories given to the jury asked only for special findings and the jury was not given general verdict forms whereby it could return a general verdict either for or against Evans. Yet the jury was instructed that depending on what it determined to be the facts relating to incompetency, it *should find* that Evans *is liable* for the State's damages (instruction No. 14), was also admonished that it had a duty to follow that and other instructions (instruction No. 2), and was then given no way to find Evans liable except by answering interrogatory No. 7 in the affirmative, as it did.

In construing the jury's findings in response to the special interrogatories given to it, we have a right to consider them in connection with the pleadings, instructions and issues submitted to the jury. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2510, at 516 (1971). So construed, the jury's affirmative response to special interrogatory No. 7 was equivalent to the jury having returned a general verdict for the State against Evans in response to its charge contained in instruction No. 14.

Interrogatory No. 3 is not inconsistent with the answer to interrogatory No. 7 as Evans argues. The jury by its response to interrogatory No. 3 found that the State's damages were not caused by the negligence of Evans' backhoe operator. That interrogatory dealt only with negligence whereas interrogatory No. 7 and instruction No. 14 dealt also with incompetency. Negligence is not synonymous with incompetency. *Shielee v. Hill,* 47 Wn.2d 362, 365, 287 P.2d

479 (1955). Since interrogatories Nos. 2 and 7 deal with different subjects, the answers to them are not inconsistent.

For the foregoing reason, I concur in the result.

Reconsideration denied March 8, 1979.

Review denied by Supreme Court June 1, 1979.