[No. 8663–4–I.   Division One.   August 3, 1981.]

INSURANCE COMPANY OF NORTH AMERICA, ET AL, *Respondents,* v. ROYAL GLOBE INSURANCE COMPANY, *Appellant.*

*Tewell, Thorpe & Findlay* and *Matthew T. Boyle,* for appellant.

*Merrick, Hofstedt & Lindsey* and *Thomas V. Harris,* for respondents.

SWANSON, J.—Royal Globe Insurance Company appeals from a summary judgment entered in favor of plaintiff Insurance Company of North America (INA). Each company had previously paid one–half of a judgment in favor of the State of Washington, following damage to a highway overpass negligently caused by their respective named insureds. INA moved for summary judgment contending that the employee of its named insured involved in the accident was also an insured under Royal Globe's policy, and INA was therefore entitled to reimbursement. The trial court agreed, and Royal Globe appeals.

The underlying cause of action in this case arose out of an accident which occurred March 30, 1978. Evans Engine and Equipment Company had hired Dorwin Trucking Company to haul a backhoe from Ballard to Milton. Dorwin supplied a Peterbilt tractor–trailer for the job, and an Evans employee rode in the cab of the backhoe to prevent the bucket from dipping onto the highway. Another Evans employee, Ed Hill, followed the tractor–trailer in a flag car. Hill's car was supplied with an extra radio which permitted

him to communicate with the driver of the tractor–trailer rig.

As the result of adjustments to the backhoe's bucket to prevent it from striking the highway, the boom was raised. Consequently, the boom struck the underside of an overpass. Hill failed to warn anyone about the boom's increased height. The parties stipulated that the damage totaled $100,000.

The State of Washington brought suit against Dorwin Trucking and Evans Engine. INA, the insurer of Evans Engine, tendered the defense of Evans to Royal Globe, Dorwin's insurer, under the omnibus clause of Royal Globe's policy which provided coverage for "any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or . . . use thereof is within the scope of such permission . . ." INA's position was that Evans Engine and its employees were "using" the Dorwin truck–trailer rig at the time of the accident. Royal Globe refused the tender, and INA therefore defended Evans. Following trial, at which both parties were found to be negligent, and a subsequent appeal to this court, reported in *Department of Highways v. Evans Engine & Equip. Co.*, 22 Wn. App. 202, 589 P.2d 290 (1978), judgment was entered against Dorwin and Evans.

The present appeal involves Evans Engine's and INA's subsequent motion for summary judgment seeking a determination that Evans was an additional insured under the Royal Globe policy. The trial court orally ruled that Ed Hill, driver of the flag car, was "using" Dorwin's tractor–trailer within the meaning of the policy and granted summary judgment in favor of INA. Royal Globe then filed a motion for reconsideration, arguing that if Evans was using the Dorwin vehicle, then Dorwin was similarly using the Evans Engine flag car and, under an identical provision in the INA policy, Dorwin was an additional insured. After hearings on the issue, the court agreed that Dorwin was using the Evans flag car. However, the court ruled that

Dorwin Trucking was not an additional insured under the INA policy because of a trailer exclusion in the policy.

Final judgment was entered in favor of INA and Evans Engine on March 7, 1980, in the amount of $58,000, plus interest and attorney fees. Royal Globe appeals contending that the court erred in finding (1) that Evans Engine was using Dorwin's truck and (2) that Dorwin was not an additional insured under the INA policy. INA cross–appeals contending that the court erred in determining that Dorwin's truck driver was using the Evans Engine vehicle.

As to the first issue, Evans Engine's "use" of the Dorwin tractor–trailer rig, we agree with the trial court's determination. The parties have cited no Washington cases dealing with "use" in a factual context similar to that presented here. However, it is recognized that the control which is the equivalent of use, so as to bring the person exercising control within the scope of the omnibus clause, may be exercised by giving signals to the actual operator of the vehicle. 12 G. Couch, *Insurance* § 45:326, at 337 (2d ed. 1964). In its significant characteristics, this case is indistinguishable from *Liberty Mut. Ins. Co. v. Steenberg Constr. Co.*, 225 F.2d 294 (8th Cir. 1955). *Steenberg* was an action by a general contractor against a subcontractor's insurer under the omnibus clause of the subcontractor's truck policy for indemnity for the amount the general contractor had paid in satisfaction of a one–half of a judgment obtained against the general contractor and subcontractor in a prior personal injury action. The subcontractor was supplying mixed concrete for the general contractor's use in laying a floor. An employee of the general contractor signaled the subcontractor's truck driver while backing up, and the cement truck struck and injured a third person. The subcontractor's insurance policy contained an omnibus provision which provided coverage for any person using the automobile in question, provided the actual use of the vehicle was within the permission of the named insured. The trial court, in granting recovery against the subcontractor's insurer, held that the active directing by the gen-

eral contractor of the backward movement of the truck and the following by the subcontractor's driver of the signals given to him—both activities having been performed as incidents to the construction work—made the participation of the general contractor such a part of the actual operation of the truck as to constitute the contractor's using the automobile within the meaning of the omnibus clause. The appellate court, noting the judicial trend of giving liberal reading to omnibus clauses in insurance policies, upheld the lower court's determination.

Similarly, in *Woodrich Constr. Co. v. Indemnity Ins. Co. of N. America,* 252 Minn. 86, 89 N.W.2d 412 (1958), a general contractor was held to be an additional insured under a policy covering a subcontractor's cement mixer truck on the basis that the general contractor's employees gave arm and hand signals to direct the movement of the subcontractor's truck driver.

Royal Globe refers us to cases which reach an opposite result upon similar facts and argues that these cases represent the majority view. *E.g., J. Scheer & Sons Co. v. Travelers Indem. Co.,* 35 Misc. 2d 262, 229 N.Y.S.2d 248 (1962) (act of standing by and telling a truck driver whether his vehicle would clear an overhead obstacle held to be a mere accommodation not amounting to control of the truck). Although we recognize the existence of cases supporting an opposite result, we are not convinced that there exists a clear minority/majority division among the courts that have considered the issue. Our research tends to indicate a fairly even split. *See* Annot., *Automobile Liability Insurance: Person Directing Movement of Motor Vehicle From Outside the Vehicle as Within Clause Extending Coverage to Person Using the Insured Vehicle,* 18 A.L.R.3d 814 (1968). Each case must turn on its own facts, and it is not surprising that there is a split of authority on the issue. As the court observed in *Hake v. Eagle Picher Co.,* 406 F.2d 893, 896 (7th Cir. 1969):

It is difficult and probably impossible to formulate an exact measure of the degree of control which a person not

owning or driving the particular automobile must exercise over it in order to have the type of responsibility for its potential to do injury so as to be deemed entitled to the protection of automobile liability coverage. Obviously the expression "while using" is intended to describe the appropriate relationship, but does not readily supply an answer in situations of the type now before us.

The term is to be construed in the light of the purposes of omnibus coverage clauses in automobile liability policies and may, of course, be construed against the insurer.

■ Omnibus coverage clauses should be liberally construed. 12 G. Couch, *Insurance* § 45:294, at 309 (2d ed. 1964); *Liberty Mut. Ins. Co. v. Steenberg Constr. Co.,* *supra.* Applying a liberal construction to the clause at issue in this case, we conclude that Evans Engine, through its employee, Ed Hill, was using the Dorwin truck so as to become an additional insured under Dorwin's Royal Globe policy.

Royal Globe, however, argues that even if the act of signaling or directing a driver can amount to the necessary control to constitute use of a vehicle, Ed Hill exercised no such control in this case. We disagree. The undisputed facts reveal that Hill was placed in the following flag car with a radio in order to communicate with the driver of Dorwin's truck because the latter could not see the boom's position from inside the truck. The record also reveals that the truck driver had at least some conversation with Ed Hill regarding whether or not there was any problem with the boom. We find without merit Royal Globe's suggestion that Hill's only function was to inform the truck driver if the boom began to dip down towards the roadway, without reference to the height of the boom. It may be true, as Royal Globe contends, that the parties did not contemplate that the boom would raise up and strike the underside of an overpass. However, we think it clear that Hill's function was to advise the truck driver as to any imminent risk of damage including overhead obstacles, as well as the possibility of the boom striking the roadway, even though the

parties did not necessarily anticipate a problem with the height of the boom.

As noted in its motion for reconsideration, Royal Globe argued that if Evans Engine was using the Dorwin vehicle, then Dorwin was likewise using the Evans Engine flag car. The trial court agreed with this contention but found that the trailer exclusion in the INA policy with Evans Engine precluded Dorwin from being covered. However, we agree with INA that the real issue here is whether or not it has breached any duty to defend Dorwin Trucking. We fail to see how it can be said that INA has breached its duty when Royal Globe never tendered Dorwin's defense to INA and never argued that Dorwin was an additional insured under the INA policy until several years after the underlying cause of action had been litigated through trial and an appeal. In any event, using the analysis applied above, we find no evidence in the record establishing that Dorwin's truck driver exercised any control or supervision over the Evans Engine flag car.

The judgment of the Superior Court is affirmed.

DURHAM and CORBETT, JJ., concur.

Reconsideration denied September 15, 1981.

Review denied by Supreme Court November 20, 1981.