[No. 28046. *En Banc.* October 16, 1940.]

CARL ALFREDSON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Appellants.*[1]

[1]Reported in 105 P. (2d) 37.

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant Department of Labor and Industries.

*L. B. Donley,* for appellant Weyerhaeuser Timber Company.

*Harry Ellsworth Foster* and *A. D. Gillies,* for respondent.

SIMPSON, J.—This is an appeal by the department of labor and industries and the Weyerhaeuser Timber Company from a judgment of the superior court reversing an order of the department upon a claim for compensation under the industrial insurance act.

The claimant, Carl Alfredson, suffered an injury to his back while in the course of his employment as a tree faller. He presented his claim to the department and was allowed time loss without permanent partial disability by the supervisor of industrial insurance. From that order, claimant appealed to the joint board, which, after a hearing, reversed the order of the supervisor and awarded forty degrees permanent partial disability.

Being dissatisfied with the order of the joint board, claimant appealed to the superior court. The case, tried to a jury, resulted in a reversal of the departmental order. Motions for judgment n. o. v., or, in the alternative, for a new trial, were made and denied. Judgment was then entered upon the verdict, remanding the claim to the department,

" . . . with instructions to classify the plaintiff's disability as a permanent total one, and to pay him the compensation provided by law for permanent total disability."

The evidence taken before the joint board and presented to the jury disclosed that, before the injury, claimant was in good health; that he was injured by falling backwards upon and across a log at the time he was attempting to escape from a falling tree; that he was taken to a hospital, where he stayed for about a month; and that, since his injury, he has suffered constant pain, has been unable to work, and has been compelled to wear a brace to support and protect his back. Respondent was examined by several doctors, among whom was Dr. K. L. Partlow, who testified:

"Examination shows considerable muscle spasm in the mid back. Motions in all directions are limited and seemed to be painful. The patient doesn't bend very far in any direction before he stops, as he says, due to pain. The X-ray examination disclosed some evidence of arthritis in that region, though not very far advanced, but it does show two areas, one in the 11th dorsal and one in the 9th dorsal from which there has been evidently a herniation of the disc which could account for the pain that this man complains of. In addition there is a rather large calcified gland which was neither in the gall bladder nor the kidney. It seems to be just inside the abdominal cavity and directly in front of the involved area. I don't know whether that gland is giving any sumptoms or not."

Eleven other doctors examined the claimant and testified at the hearings. Most of them agreed that the fall aggravated the preexisting arthritis, but there was a conflict among them as to whether or not some other injury had been sustained and as to the extent of disability. The majority did not believe that there was any injury other than an aggravation of the arthritis, nor that the claimant was fully disabled. They decided that respondent was disabled to an extent of forty per cent.

Appellants contend (1) that the court erred in not granting a judgment n. o. v. to the defendant, because

the claimant had not produced a preponderance of the evidence necessary to overthrow the statutory presumption that the decision of the department was correct; and (2) that the testimony in this cause conclusively shows that the department acted within its power, correctly construed the law and found the facts, and that the judgment should have been for appellants.

The decision of this case involves the construction of Rem. Rev. Stat. (Sup.), § 7697-2 [P. C. § 3488-21], Laws of 1939, chapter 184, p. 579, § 1, which reads:

"In all appeals to the superior court from any order, decision or award of the joint board of the Department of Labor and Industries, either party shall be entitled to a trial by jury upon demand. The jury's verdict in every such appeal shall have the same force and effect as in actions at law. In any such appeal the trial shall be de novo and no party to the appeal shall be permitted to introduce evidence in court in addition to that contained in the departmental record."

The provisions of the statute are somewhat unique, in that the verdict of the jury is made final upon evidence produced from typewritten or printed pages, and not from the mouths of witnesses present at a trial wherein they may be seen and heard and their demeanor considered by the jury. Much value is always attached to the verdict of the jury because of the fact that the witnesses are seen and heard during the trial, where the weight of the evidence and the credibility of the various witnesses may be considered.

Prior to the passage of this law, the question of whether a jury should be called to try an industrial insurance appeal was left to the discretion of the trial court, and the verdict of the jury in such cases was only advisory to the court. *Hodgen v. Department of Labor & Industries*, 194 Wash. 541, 78 P. (2d) 949.

By enacting the statute just quoted, the legislature

changed its former laws relative to jury trials in two particulars. First, in directing that in an industrial insurance appeal either party is entitled to a jury trial as a matter of right, and that the verdict of the jury shall have the same force and effect as in actions at law.

This statute has not changed the method of jury trials. The new act only determines the force and effect of the verdict.

█ Counsel for appellants in their oral argument contended that the court should have determined from the record whether the evidence submitted at the hearing conducted by the joint board overcame the *prima facie* presumption as to correctness of the order of that board, this presumption being created by Rem. Rev. Stat., § 7697 [P. C. § 3488].

That, however, is not the function of the court. The presumption of the correctness of the joint board's findings is for the consideration of the jury under proper instructions. The court, of course, may pass upon the sufficiency of the evidence to take the case to the jury. If the evidence introduced at the hearing before the joint board offers room for a difference of opinion in the minds of reasonable men, then the case must be presented to the jury. These principles of law, of course, do not apply to questions of whether the department has acted within its power or has correctly construed the law. Those questions are matters of law and not of fact.

█ Some argument has been presented to the effect that the presumption of the correctness of the department's order may now be considered and applied to the facts as presented to the jury.

We hold that the presumption accorded to the findings of the joint board lost its force and effect when

the jury decided the questions of fact which were presented to it. The verdict of the jury in such cases, when based upon substantial evidence, forecloses a further consideration of the presumption accorded to the order of the joint board.

■ It is true that the testimony of many well qualified physicians upheld the decision of the joint board. However, in cases tried to a jury, the jury determines the weight of the evidence, secured from a consideration of all of the evidence introduced, and its verdict does not depend upon the number of witnesses that may testify upon a given point.

■ Viewing the evidence in accordance with applicable rules, we conclude that the court was justified in submitting the case to the jury, that the verdict of the jury was proper, based upon competent evidence, and that the court was justified in denying the motion for judgment n. o. v., or for a new trial, and in entering judgment upon the verdict.

The judgment of the trial court is affirmed.

ALL CONCUR.