[No. 32802.   Department One.   October 19, 1954.]

VIVIAN SHELTON LA VERA, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Bassett, Geisness & Vance* and *George H. Davies,* for appellant.

*The Attorney General* and *Edwin R. Roberts, Assistant,* for respondent.

HAMLEY, J.—Vivian Shelton La Vera sustained an industrial injury on March 14, 1945.  On July 27, 1948, the supervisor of industrial insurance entered an order finding her permanently and totally disabled, and placing her on the pension rolls.  After an investigation conducted in the spring

[1]Reported in 275 P. (2d) 426.

of 1951, the supervisor, on May 22, 1951, entered an order reclassifying claimant from permanent total disability to permanent partial disability. Under the new classification, she was awarded twenty-five per cent of the amputation value of the left minor arm at the shoulder.

Claimant appealed to the board of industrial insurance appeals, which sustained the department. Claimant then appealed to the superior court. The jury returned a verdict in favor of the department, and judgment was entered accordingly. Claimant now appeals to this court.

The sole question raised by the two assignments of error is whether the jury should have been instructed that, at the hearings before the board, the department had the burden of proof. This was proposed in the last paragraph of the following instruction, which was offered by appellant but refused by the court:

"You are instructed that the decision of the Board of Industrial Insurance Appeals is prima facie correct, and that the burden is on the plaintiff to establish by a fair preponderance of the evidence that its decision is erroneous.

"By 'prima facie' is meant at first sight, and the presumption persists in this case only until the plaintiff has introduced credible evidence to the contrary.

"In deciding whether the decision of the Board of Industrial Insurance Appeals is erroneous, you are further instructed that the Department of Labor and Industries at the hearings before the Board of Industrial Insurance Appeals had the burden of proving by a fair preponderance of the evidence that between July 27, 1948 and May 22, 1951 the plaintiff's condition improved to such an extent that she was no longer totally and permanently disabled and it was not the burden of the plaintiff to prove that she was still totally and permanently disabled between July 27, 1948 and May 22, 1951."

■■ It is our opinion that, in an appeal to the superior court from an order of the board, the question of burden of proof at the board level is immaterial. The appeal procedure is statutory. As to burden of proof, the statute (RCW 51.52.115, Laws of 1951, chapter 225, § 15) provides only as follows:

"In all court proceedings under or pursuant to this title the findings and decision of the board shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same . . ."

Neither in this statutory provision nor elsewhere in the act has the legislature specified that the judge or jury should test the board's decision with reference to the burden of proof at the board level. The sole fact-finding function in a court review of a board order is to examine the evidence and determine whether or not it clearly preponderates against the board's findings. If not, the appellant has failed to sustain his statutory burden of proof, and the *prima facie* correctness of the board's order has been confirmed.

Were we to consider ourselves free to add to the statutory provisions regarding burden of proof, we would reach the same result. Appellant argues that, where the evidence presents a close question of fact, the correctness of the board's order necessarily depends on who had the burden of proof before the board. As a proposition in logic, this may have merit. But the statutory appeal procedure is designed for practical application. In our judgment, the superimposing of this procedural ramification would serve only to add complexity and confusion to a fact-finding task which is already most difficult.

In view of the opinion just expressed, it is unnecessary for us to consider respondent's further contentions that appellant had the burden of proof before the board, and that, in any event, the failure to give the requested instruction was not prejudicial.

The judgment is affirmed.

MALLERY, WEAVER, and OLSON, JJ., concur.

GRADY, C. J., (concurring in the result)—I concur in the result reached by the majority opinion but not by the method used. It is very clear from the record, regardless of who may have had the burden of proof at any particular time, that the condition of appellant had so improved that she was no longer a totally and permanently disabled per-

son. A search of the record assures one that the failure to give the proposed instruction was not prejudicial. My disagreement with the majority opinion relates to the question of burden of proof at various stages of an industrial insurance case.

Our statute provides that on appeal from the decision of the board to the superior court (1) the findings and decision of the board shall be *prima facie* correct and (2) the burden of proof shall be upon the party attacking the same. There is no statutory provision with reference to burden of proof in a hearing before the board whether the party be the claimant or the department. In most of the cases, the claim of the injured workman has been denied by the department in whole or in part. On appeal to the board, the claimant had the affirmative of the issues and, by common recognition, had the burden of proof of the facts upon which he based his claim. This principle was recognized and applied in the case of *O'Toole v. Department of Labor & Industries*, 182 Wash. 202, 46 P. (2d) 388. The decision of the department is not supported by any presumption that it is correct. *Olympia Brewing Co. v. Department of Labor & Industries*, 34 Wn. (2d) 498, 208 P. (2d) 1181. We have considered other cases where the department has allowed a claim and the employer has appealed to the board. The department may assume the burden of establishing the right of the claimant to the benefits of the act, but there is no presumption in its favor. *Olympia Brewing Co. v. Department of Labor & Industries, supra*.

In the case before us, the department was the aggressor. It sought to set aside its order previously made determining appellant to be a totally and permanently disabled person. By all rules of any procedure, when the department was called before the board it should have had cast upon it the burden of justifying its decision that appellant was no longer totally and permanently disabled.

When the board decides the question of permanent and total disability against a claimant, then the statute changes the situation. The decision of the board is deemed *prima*

*facie* correct, and on appeal to the superior court by the claimant the burden is upon him to satisfy or persuade the jury that, from what appears in the record made before the board, its ruling was not correct. The probative value of the *prima facie* correctness of the decision of the board is very important, and in combating such evaluation the claimant is entitled to have the jury informed upon whom rested the burden of establishing the facts upon which the decision of the board was based; otherwise, the claimant is placed in a disadvantageous position unfair to him, especially when we consider that he has the burden of overcoming the *prima facie* correctness of the decision against him.

If the proposed instruction or one of similar import had been given, the jurors would have been in a better position to have evaluated the decision of the board under review than they were without the information such instruction would have conveyed.

Ordinarily, it would not be deemed helpful to make any statement in a dissenting opinion with reference to a question of prejudicial error; however, the subject has been misunderstood, and many judgments have been reversed and new trials ordered when the error complained of was such that it could not have affected the result reached by the jury. In many cases, there has been a failure to recognize the prerogative of an appellate court when reviewing a record to determine from it whether a claimed error was so prejudicial that in all probability it affected the result reached; and this applies to both civil and criminal cases. One school of thought is to the effect that, when error has been committed, prejudice will be presumed and the one in whose favor the error was committed has the burden of showing that no prejudice resulted. The other school of thought is that the burden rests on the one adversely affected to show that the error was prejudicial to him. The text and case citations will be found in 24 C. J. S. 845, Criminal Law, § 1888, and 5 C. J. S. 810, Appeal and Error, § 1677. The type of error referred to is not one where the

party affected has been deprived of some substantial right, but relates to those errors falling under the classification of harmless error, which classification usually depends upon the circumstances of the particular case rather than upon specific rules of law.

In the field of criminal law, this court encountered some difficulty in a case where the error was considered to have been presumptively prejudicial. In *State v. Redwine,* 23 Wn. (2d) 467, 161 P. (2d) 205, by a divided court, it was decided that, when reviewing a case, it became necessary for the appellate court to give full consideration to the record and to make a determination whether the presumption had been overcome and that prejudice did not result. Later, after there had been a substantial change in the personnel of the court, the minority view prevailed in *State v. Robinson,* 24 Wn. (2d) 909, 167 P. (2d) 986. In that case, it was said that the test approved by the majority in the *Redwine* case was "foreign to any in the English-speaking world." The minority pointed out that the writer of the opinion had overlooked some very elementary law set forth in 24 C. J. S. 841, Criminal Law, § 1887.

The *Robinson* case might be considered authoritative if it were not for many cases since decided, both civil and criminal, in which, without specifically mentioning the test recognized in the *Redwine* case, it was applied to. the particular situations then before the court. A very definite illustration of this view is *State v. Wilson,* 38 Wn. (2d) 593, 231 P. (2d) 288. In that case, the error was substantial, and one with reference to which it could well be said prejudice would be presumed. However, this court on review scrutinized the record and concluded therefrom that the error could not have affected the result and declined to reverse the judgment. Reference to our cases subsequent to the *Robinson* case makes it very clear that, on review, the rule and the test applied in the *Redwine* case guided us in determining whether or not reversible error had been committed. Our duty to scrutinize the whole record is stated in *State v. Britton,* 27 Wn. (2d) 336, 178 P. (2d) 341.

Applying the test referred to, I have no trouble in concluding that the error in refusing to give the proposed instruction was not prejudicial.