[No. 37507. Department One. May 13, 1965.]

JAMES WALTER ALLISON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.**

*Reported in 401 P.2d 982.

The Attorney General, William J. Van Natter and John J. Quine, Assistants, for appellant.

Stubbs, Batali, Combs & Small, for respondent.

BARNETT, J.†—The plaintiff Allison was employed by a detective agency in March 1955, as a night watchman when he sustained an industrial injury which was allowed by the defendant Department of Labor and Industries of the State of Washington (hereinafter referred to as the department). The department later issued an order closing the claim with no award for permanent partial disability. Although there was a subsequent appeal to the Board of Industrial Insurance Appeals (hereinafter called the board), it was dismissed in December 1956, when Allison failed to prosecute the appeal.

In October 1960, the department denied Allison's request to reopen his claim for alleged aggravation. This order was appealed and the board granted the appeal.

The board held hearings and, in April 1963, upheld the October 1960 order of the department. Allison appealed the board's order to Pierce County Superior Court. There was a jury verdict awarding Allison a pension. The department appeals from this verdict.

Following the rendition of the verdict and upon the motion for a new trial, there was submitted to the court the affidavit of juror Pelle to the effect that juror Miller

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to art. 4, § 2(a) (amendment 38), state constitution.

stated before the evidence was heard but after they were sworn as jurors, that "anyone claiming against the state should get everything they can."

The evidence before the court also disclosed that Miller had processed an industrial claim and had appealed to the board three times in connection with that claim. On his voir dire in reference to the claim, Miller testified:

Q. The claim never was reopened and it never went beyond that stage, is that correct? A. Yes. . . . Q. Okay. Any reason at all that you can think of that would prevent you from being completely fair, neutral and impartial as you start this case? A. Just what I have mentioned.

Juror Creso denied in his voir dire that he had ever suffered any back injury. The testimony adduced at the hearing of the motion for a new trial was that Creso, in a signed statement, alleged he had a back injury in 1960. In his own affidavit, he admitted that he had suffered back distress for a number of years following an incident at home and, further, that he sympathized with the respondent.

No controverting affidavits were filed, nor was there any rebutting testimony offered by the respondent. Jurors Miller and Creso voted in favor of the respondent. The uncontroverted affidavits and testimony establish as a matter of law that they were disqualified to act as jurors in this case because of their bias and prejudice, which were concealed on their preliminary examination.

The right to trial by jury includes the right to an unbiased and unprejudiced jury. A trial by a jury, one or more of whose members are biased or prejudiced, is not a constitutional trial. See *Gardner v. Malone*, 60 Wn.2d 836, 376 P.2d 651; *Mathisen v. Norton*, 187 Wash. 240, 60 P.2d 1; *Alexson v. Pierce Cy.*, 186 Wash. 188, 57 P.2d 318; *Heasley v. Nichols*, 38 Wash. 485, 80 Pac. 769. Nor do the matters stated above inhere in the verdict or impeach it as is contended by respondents. See *Gardner v. Malone, supra.*

Because the appellant was not afforded an unbiased and unprejudiced jury, the trial court should have granted a new trial.

Since this case is to be remanded for a new trial because of jury misconduct, we need not deal with the several assignments of error which were made and discussed at great length in appellant's brief. However, for the guidance of the trial court and the parties in the new trial, we shall discuss certain assignments of error, whether or not proper exceptions were taken at the time of trial.

The department alleges error by the court in submitting an interrogatory and its refusal to submit appellant's proposed interrogatory dealing with permanent partial disability to the jury.

The evidence is in conflict with reference to Allison's disability. The evidence would sustain an award from zero to 100 per cent of the unspecified as permanent partial disability. The spread of the evidence is from no aggravation to over 100 per cent of the unspecified, and would also support a pension. The jury could have found from the evidence that Allison is not entitled to a pension as a consequence of the injury but should receive some partial disability. The respondent contends that he is entitled to choose whether or not he desires to submit the question of lesser disability to the jury. We disagree.

RCW 51.52.115 provides in part:

Upon appeals to the superior court only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board.

Therefore the issues in the superior court are those that were included in the notice of appeal to the board. Allison's notice of appeal to the board contains a prayer for " . . . increased permanent partial disability award, or for permanent total disability award . . . "

The "all or nothing" contention of respondent would deprive appellant of a theory of defense, *i.e.*, that the disability, if any, is less than total. Under respondent's reasoning, if the jury believed that the claimant was not entitled to a pension, but that the evidence justified some permanent partial disability, it would be precluded from making the lat-

ter award. The jury would have to either award the claimant a pension or nothing at all. Such a procedure is fair neither to the state nor to the claimant. It is unrealistic and denies the jury an opportunity to reach exact justice. Either party has a right to have its theory of the case presented to the jury when there is substantial evidence to support it. *Lofgren v. Western Washington Corp. of Seventh Day Adventists,* 65 Wn.2d 144, 396 P.2d 139.

The jury should be instructed in accordance with the facts. We stated in *Jackson v. Department of Labor & Indus.,* 54 Wn.2d 643, 648, 343 P.2d 1033: "Instructions are governed by the facts proved in each particular case. . . ." See, also, *Champagne v. Department of Labor & Indus.,* 22 Wn.2d 412, 156 P.2d 422.

■ The notice of appeal in the instant case and the proof at trial were sufficient to encompass a lesser disability than total permanent disability. Under such circumstances, if raised by proper proposed instructions, the trial court had a duty to submit the issue of the lesser injury to the jury. It is not within the province of the claimant to waive it and seek only the maximum disability that the trier of fact could infer from the evidence. In passing, it should be noted that the trial court is under no duty to submit interrogatories to the jury but that it is a matter within his sound discretion. *Salo v. Nelson,* 22 Wn.2d 525, 156 P.2d 664. See, also, *Sage v. Northern Pac. Ry.,* 62 Wn.2d 6, 380 P.2d 856.

In one of its instructions to the jury, the court stated:

You are instructed that the decision of the Board of Industrial Insurance Appeals is prima facie correct, and that the burden is on the plaintiff to establish by a fair preponderance of the evidence that its decision is incorrect, and that the industrial injury was a proximate cause of the disability.

*By "prima facie" is meant at first sight, and this presumption persists in this case until the plaintiff has introduced credible evidence to the contrary.* (Italics ours.)

Later in the same instruction, the court correctly stated:

the presumption as to the correctness of the decision of the Board of Industrial Insurance Appeals is rebuttable,

and is rebutted when the jury finds from a fair preponderance of all the evidence that such decision of the board is incorrect.

The relevant portion of RCW 51.52.115 provides:

In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same.

▇ In this context, "prima facie" means that there is a presumption on appeal that the findings and decision of the board, based upon the facts presented to it, are correct until the trier of fact finds from a fair preponderance of the evidence that such findings and decision of the board are incorrect. It must be a preponderance of the credible evidence. If the trier of fact finds the evidence to be equally balanced then the findings of the board must stand. *Groff v. Department of Labor & Indus.*, 65 Wn.2d 35, 395 P.2d 633; *Sumerlin v. Department of Labor & Indus.*, 8 Wn.2d 43, 111 P.2d 603; *McLaren v. Department of Labor & Indus.*, 6 Wn.2d 164, 107 P.2d 230; *Alfredson v. Department of Labor & Indus.*, 5 Wn.2d 648, 105 P.2d 37.

Hence the italicized portion of the above instruction is inconsistent with the last part of the instruction and could easily have confused the jury.

This case is reversed and remanded to the superior court for a new trial.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.