[No. 105-40580-1.   Division One.   May 25, 1970.]
Panel 2

DILLARD R. THOMPSON, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent,* THE BOEING
COMPANY, *Appellant.*

*Perkins, Coie, Stone, Olsen & Williams* and *Calhoun Dickinson,* for appellant.

*Slade Gorton, Attorney General,* and *Joseph H. Gordon, Jr., Assistant,* for respondent Department of Labor and Industries.

*Walthew, Warner & Keefe* and *Robert H. Thompson,* for respondent Thompson.

WILLIAMS, J.—This appeal is from the verdict of a jury awarding claimant 85 per cent of unspecified permanent partial disability for an aggravation of an industrial injury to his lower back. The Department of Labor and Industries resisted the claim until the verdict, but now joins him in resisting the appeal by Boeing Company, the employer making this appeal.

Respondent Thompson had previously received injuries to his *upper* back in 1938, to his neck in 1940, and to his

right leg in 1951. The leg was amputated at the hip in 1953. The injuries were all compensable under the Industrial Insurance Act, Title 51 of RCW.

In 1961, while employed at Boeing's Renton plant, Thompson leaned over to pick up a small object. He felt a hitch in his lower back, and was subsequently hospitalized. The department allowed medical treatment and time-loss compensation. Thompson worked only periodically thereafter.

In November of 1962 while at home, respondent Thompson experienced a catch in his lower back which caused him to fall, breaking his pelvis and hip. He alleged that the seizure in his lower back resulted from the 1961 injury in the same area.

Appellant challenges the submission to the jury of the question of respondent's permanent partial disability on the theory that the evidence would only support a verdict of total permanent disability, resulting from the preexisting disabilities and aggravation, or no increase at all. We view the evidence, and all reasonable inferences therefrom, in the light most favorable to respondent Thompson. *Schwab v. Department of Labor & Indus.*, 69 Wn.2d 111, 417 P.2d 613 (1966).

One doctor for each side testified. Dr. Sprecher, for the department and appellant, stated that he felt there was no aggravation that could be connected to the 1961 injury. Dr. Fisher, called by respondent Thompson, when asked about the disability said: "I think he is totally disabled in terms of laboring work and for all practical purposes unemployable."

It is true that Dr. Fisher did not specify in his medical testimony the percentage of increased disability that resulted from the aggravation of the 1961 injury. Therefore, appellant argues, the jury should have found either total disability on the basis of Dr. Fisher's assessment or none at all based upon that of Dr. Sprecher.

This contention has been answered in *Dowell v.*

*Department of Labor & Indus.,* 51 Wn.2d 428, 319 P.2d 843 (1957) at 433:

We have held that the extent of a workman's disability must be determined by medical testimony, and that only medical men are qualified to give opinions on the extent of partial disability in terms of percentages. [Citations omitted.] It does not follow from these holdings, however, that a medical witness *must* express his opinion on disability in terms of percentage. On the contrary, he should, under the statute, testify by comparing an unspecified disability to the scheduled disability which it most resembles. RCW 51.32.080(2) provides, in part, as follows:

"Compensation for any other permanent partial disability shall be in the proportion which the extent of such other disability, called unspecified disability, shall bear to that above specified, which most closely resembles and approximates in degree of disability such other disability, but not in any case to exceed the sum of six thousand dollars: . . ."

The question of the extent of partial disability is ultimately for the jury as the trier of fact. Expert testimony on the extent of an unspecified disability need not be in the language of the statute; it may be probative even though it is not couched in terms of comparison to a scheduled injury. [Citation omitted.] As in the case of an [*sic*] other jury question, the jury in an industrial insurance appeal may arrive at a verdict that lies between the opinions of the expert witnesses who have testified. Nothing compels the jury to accept the exact opinion of any one of two or more experts who disagree.

Appellant cites *Page v. Department of Labor & Indus.,* 52 Wn.2d 706, 328 P.2d 663 (1958), for his proposition that the amount of disability must be expressed in percentage terms. *Page* involved a jury's increase of the award from 35 per cent to 75 per cent. The Supreme Court reversed because all the medical testimony was substantially in agreement on the 35 per cent figure. It was thus error to submit the question to the jury, allowing it to speculate on a higher percentage. The court said at page 710:

The jury in an industrial insurance appeal, as in the case of any other jury question, may arrive at a verdict

that lies between the opinions of expert witnesses who have testified. If there are two or more experts who disagree, nothing compels a jury to accept the exact opinion of any one or two of the experts; if, however, all of the experts' opinions are in substantial agreement as to the maximum compensation to be allowed, a jury cannot exceed the maximum amount testified to by the experts.

Moreover, appellant's argument that Thompson was entitled to either total disability or zero disability was rejected by *Allison v. Department of Labor & Indus.*, 66 Wn.2d 263, 401 P.2d 982 (1965) at 266:

The "all or nothing" contention of respondent [claimant] would deprive appellant [department] of a theory of defense, *i.e.,* that the disability, if any, is less than total. Under respondent's reasoning, if the jury believed that the claimant was not entitled to a pension, but that the evidence justified some permanent partial disability, it would be precluded from making the latter award. The jury would have to either award the claimant a pension or nothing at all. *Such a procedure is fair neither to the state nor to the claimant. It is unrealistic and denies the jury an opportunity to reach exact justice.*

(Italics ours.)

Appellant's second argument deals with Dr. Fisher's failure to segregate the present disability from the preexisting injuries as required by RCW 51.32.080(3). The statute states in part:

Should a workman receive an injury *to a member or part of his body already* . . . *permanently partially disabled,* . . . such partial disability shall be adjudged with regard to the previous disability of the injured member or part and the degree or extent of the aggravation or increase of disability thereof.

(Italics ours.) The statute applies to injuries of a body part previously injured and so does not apply to respondent Thompson in his claim for compensation for aggravation of the 1961 injury to the lower back which had not been permanently partially disabled prior to that time. He was employable until the occurrence of the aggravation, but for

all practical purposes, has been unemployable since then. There was sufficient evidence for the jury to make an award of 85 per cent of the amount allowable for unspecified permanent partial disabilities which was between the opinions of the two medical experts.

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.