[No. 1526-43509-3.    Division Three.    January 23, 1976.]

PHILLIP E. TUTHILL, *Respondent*, v. JOE PALERMO, ET AL, *Appellants*.

Ross R. Rakow, for appellants.

Warren I. Dewar, Jr., and Velikanje, Moore & Shore, for respondent.

GREEN, J.—On June 21, 1972, plaintiff filed a complaint seeking damages against the defendants, alleging (1) breach of a timber-cutting contract; (2) treble damages for trespass under RCW 64.12.030; and (3) negligent logging practices. The complaint sought damages for $20,000 as to the causes of action contained in (1) and (3), and treble $15,000 for trespass. On August 15, 1974, the complaint was amended to increase the damages sought for trespass to treble $21,740.91. At the time of trial, the complaint was orally amended to conform to the evidence and plaintiff's claim was increased to $30,027.95 on each cause of action. The jury was instructed on three theories: waste, trespass, and breach of contract. They returned a verdict fixing total damages at $24,953.28 and in response to interrogatories assigned that identical amount to each of the three theories. Neither party questioned the verdict and the jury was discharged.

Three days later counsel for defendants withdrew and present counsel on appeal was substituted. Thereafter, over defendants' objection, the court entered judgment for $74,859.84, i.e., three times the award of $24,953.28 pursuant to RCW 64.12.020 (waste) and RCW 64.12.030 (trespass). In addition, plaintiff was awarded $12,750 attorney's fees under the waste statute. Defendants appeal.

The sole issue before this court is whether the judgment for treble damages and attorney's fees is supported by the form of the verdict. We find that it is not.

The verdict form as filled in by the jury is as follows:

WE, the Jury, find for the Plaintiff in the total amount of $24,953.28.

In connection with this verdict, we, the Jury make the following answers to the Interrogatories submitted by the court:

INTERROGATORY No. 1: Did the Defendant commit waste, as defined in these Instructions, upon the lands of the Plaintiff?

ANSWER: Yes (yes or no).

INTERROGATORY No. 2: If your answer to Interrogatory No. 1 was yes, then please state the amount of your verdict which represents the damages to the Plaintiff as a result of the Defendant's commission of waste.

ANSWER: $24,953.28.

INTERROGATORY No. 3: Did the Defendant cut down, injure or carry off any tree, timber or shrub on the land of the Plaintiff without lawful authority?

ANSWER: Yes (yes or no).

INTERROGATORY No. 4: If your answer to Interrogatory No. 3 was yes, then please state the total amount of the verdict which reflects the amount the Plaintiff was damaged by virtue of the Defendant's actions as stated in Interrogatory No. 3.

ANSWER: $24,953.28.

INTERROGATORY No. 5: If your answer to Interrogatory No. 3 was yes, then please state whether or not you find that the actions of the Defendant were willful as distinguished from casual or involuntary.

ANSWER: Yes (yes or no).

INTERROGATORY No. 6: Did the Defendant breach the contract with the Plaintiff?

ANSWER: Yes (yes or no).

INTERROGATORY No. 7: If your answer to Interrogatory No. 6 is yes, then please state the amount of your verdict which corresponds to the amount the Plaintiff was damaged by virtue of the Defendant's breach of contract.

ANSWER: $24,953.28.

The use of a general verdict accompanied by interrogatories is provided for in CR 49 (b):

The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. . . . When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered

. . . When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered . . . in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial.

Defendants contend that the jury did not properly answer the interrogatories by segregating the damages into waste, trespass, and breach of contract; and that for the court to assume that the jury found that all of the acts resulting in damage constituted waste, trespass, or breach of contract was an invasion of their province. Thus, defendants argue the answers to the interrogatories are inconsistent with each other and one or more is inconsistent with the general verdict. We agree.

In 2 L. Orland, Wash. Prac. § 289 (3d ed. 1972), the author notes that the purpose of interrogatories is to make sure that the jury has properly applied the instructions to subsidiary issues by requiring them to *separately* consider those issues and report their findings to the court. In section 291, the author notes that such interrogatories are

useless when they can be answered by simply using the general verdict and making them conform. They should present questions which in themselves have no apparent close connection with the general verdict, or be so framed that they do not appear to have. The main purpose of the interrogatories is to have the jury give them an independent consideration separate and apart from the general verdict.

The emphasis upon the jury's independent consideration of the interrogatories, apart from the general verdict, is illustrated in *Snider v. Washington Water Power Co.*, 66 Wash. 598, 605, 120 P. 88 (1912). In that case, it was held to be reversible error for counsel in argument to suggest how

interrogatories might be answered so that they would have no harmful effect upon their general verdict.

Here, it is apparent that the purpose of the interrogatories was to have the jury determine the amount of the damage attributable to each of plaintiff's theories, *i.e.*, waste, trespass, and breach of contract. This purpose was not served because the exact amount of the general verdict was allocated to each of the three theories.

However, plaintiff contends that the form of verdict merely indicates that all of the damages arose from each of the theories. This contention requires an assumption that does not appear justified under the evidence or the instructions. Plaintiff's expert testified that the cost of slash and debris cleanup was $8,287.14. This item cannot be properly included within the terms "waste" or "trespass" as defined by the instructions,[1] for which the trial court could properly allow treble damages and attorney's fees. It is clear that the cost of removing debris is not compensation for any of the injuries contemplated by the waste or trespass statutes. RCW 64.12.020 or .030; *Guay v. Washington Natural Gas Co.*, 62 Wn.2d 473, 477, 383 P.2d 296 (1963); *Nystrand v. O'Malley*, 60 Wn.2d 792, 796, 375 P.2d 863 (1962). Thus, plaintiff's contention must fail.

The problem presented by the form of verdict could have been alleviated if the jury had been queried as to the

[1] In the instructions, "waste" is defined as

an unreasonable or improper use, abuse, mismanagement or omission of duty *touching real estate* by one rightfully in possession which results in *its* substantial injury.

(Italics ours.)

Regarding "trespass," the jury was instructed that they must find:

[T]he Defendant cut down, injured, or carried off any tree, timber or shrub on the land of the Plaintiff, without lawful authority . . .

With respect to breach of contract, the court said:

I instruct you that a breach of contract is defined as a failure, without justification, to perform all or any part of what is promised in a contract.

No exceptions were taken to the instructions and they become the law of the case. *Ketchum v. Wood*, 73 Wn.2d 335, 339, 438 P.2d 596 (1968).

meaning of their verdict; and, if necessary, the court could have returned the jury for further consideration of its answers and verdict. This was not done and the jury was discharged. Neither the trial court nor this court is now in a position to speculate or engage in assumptions as to the meaning of the verdict and, therefore, a new trial should be ordered. CR 49(b); *see Jones v. Bard,* 40 Wn.2d 877, 882, 246 P.2d 831 (1952).

Reversed and remanded for new trial.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied February 23, 1976.

Review denied by Supreme Court April 23, 1976.