[No. 4374–6–III.   Division Three.   November 16, 1982.]

BLUE CHELAN, INC., *Appellant,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Appellant,* EDWARD
L. SISSON, *Respondent.*

*Thomas P. Graham* and *Graham, Cohen, Wampold, Wesley & Munro,* for appellant Blue Chelan, Inc.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas R. Chapman, Assistant,* for appellant State.

*Robert H. Thompson,* for respondent.

GREEN, J.—Edward Sisson contracted allergic bronchitis and chronic obstructive pulmonary disease while employed by Blue Chelan, Inc. He filed a claim with the Department of Labor and Industries (DLI). On June 14, 1978, DLI

closed the claim allowing compensation for unspecified disabilities of 25 percent as compared to total bodily impairment. Mr. Sisson appealed to the Board of Industrial Insurance Appeals (Board). The Board hearing examiner's proposed decision and order found Mr. Sisson totally and permanently disabled. The Board adopted the hearing examiner's decision and found Mr. Sisson's disability attributable to his industrial disease, combined with his age (64 years) and training (eighth grade education, experienced only in heavy labor), totally and permanently prevented him from any full–time occupation on a reasonably continuous basis.

Blue Chelan appealed the Board's order to the superior court. The appeal was presented to a jury. The court, sua sponte, submitted to the jury a verdict form containing the following questions:

Interrogatory No. 1:
Was the Board of Industrial Insurance Appeals correct in its determination that Mr. Sisson was totally and permanently disabled on June 14, 1978?
ANSWER: _____ (Yes or No)
If your answer as to Interrogatory No. 1 is "Yes," you will not answer Interrogatory No. 2. If your answer to Interrogatory No. 1 is "No," you will answer Interrogatory No. 2.

Interrogatory No. 2:
On or about June 14, 1978 and as a proximate result of his January 28, 1976 industrial injury, was Mr. Sisson capable of obtaining and performing gainful employment on a reasonably continuous basis?
ANSWER: _____ (Yes or No)
If your answer to Interrogatory No. 2 is "No," you will not answer Interrogatory No. 3. If your answer to Interrogatory No. 2 is "Yes," you will answer Interrogatory No. 3.

Interrogatory No. 3:
Expressed in percentage terms what was Mr. Sisson's permanent partial disability proximately resulting from his industrial injury of January 28, 1976 as said disability existed on or about June 14, 1978?
ANSWER: _____ (not less than 25%)

The jury answered 1 "No"; 2 "No"; and 3 "50%". A judgment on the verdict was entered affirming the Board. Both Blue Chelan and DLI appeal.

It is contended the jury's answers to the interrogatories are inconsistent and, therefore, the court erred by entering the judgment. We agree and remand for a new trial.

■ The briefs of the parties on appeal properly treat the answer to interrogatory 1 as a general verdict and the others as special verdicts. Answers to special interrogatories should be read harmoniously to support the general verdict if at all possible. CR 49(b); *Department of Hwys. v. Evans Engine & Equip. Co.,* 22 Wn. App. 202, 204, 589 P.2d 290 (1978), *review denied,* 92 Wn.2d 1010 (1979); *Van Cleve v. Betts,* 16 Wn. App. 748, 757, 559 P.2d 1006 (1977). However, inconsistencies between the answers to special interrogatories and the general verdict are usually remedied by granting a new trial. *Tuthill v. Palermo,* 14 Wn. App. 781, 545 P.2d 588, *review denied,* 87 Wn.2d 1002 (1976); 2 L. Orland, Wash. Prac., *Trial Practice* § 290, at 121 (3d ed. Supp. 1979).

RCW 51.08.160 defines permanent total disability as a "condition permanently incapacitating the worker from *performing any work* at any gainful occupation." (Italics ours.) Interrogatory 1 asks whether the Board was correct in finding Mr. Sisson totally and permanently disabled, that is, in light of RCW 51.08.160, incapable of performing any work. The jury answered "No", thus indicating Mr. Sisson was capable of performing work. However, the jury also answered "No" to interrogatory 2 which asked: "[W]as Mr. Sisson capable of obtaining and *performing* gainful employment on a reasonably continuous basis?" (Italics ours.) The answer to this interrogatory indicates that even if Mr. Sisson had a job, he could not perform it. The jury at one and the same time finds that Mr. Sisson can work and that he cannot work. These answers are clearly inconsistent.

Mr. Sisson contends even if the interrogatories are interpreted as being inconsistent, Blue Chelan and DLI have

failed in their burden to overcome the presumption that the findings and decision of the Board are prima facie correct. RCW 51.52.115; *see also Allison v. Department of Labor & Indus.*, 66 Wn.2d 263, 268, 401 P.2d 982 (1965).

■ The factfinding function of a court reviewing a board order is to examine the evidence to determine whether it clearly preponderates against the Board's findings. *La Vera v. Department of Labor & Indus.*, 45 Wn.2d 413, 415, 275 P.2d 426 (1954); *see also Ivey v. Department of Labor & Indus.*, 4 Wn.2d 162, 102 P.2d 683 (1940). It is impossible to determine whether the jury found the evidence supported the Board's findings because of the inconsistencies in its answers to the interrogatories. A court should not speculate as to the meaning of a jury verdict.

In light of our decision to remand for a new trial, we do not consider Mr. Sisson's request for attorney's fees.

Reversed and remanded.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied December 8, 1982.

Review granted by Supreme Court February 4, 1983.