[No. 49264–6.   En Banc.   May 10, 1984.]

BLUE CHELAN, INC., *Respondent,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent,* EDWARD
L. SISSON, *Petitioner.*

*Robert H. Thompson* (of *Walthew, Warner, Keefe, Arron, Costello & Thompson*), for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas R. Chapman, Assistant,* for respondent State.

STAFFORD, J.—Edward Sisson contracted allergic bronchitis and chronic obstructive pulmonary disease while employed by Blue Chelan, Inc. He filed a claim with the Department of Labor and Industries for permanent disability. The Department closed the claim with compensa-

tion for partial disability of 25 percent. Sisson appealed to the Board of Industrial Insurance Appeals. The Board's hearing examiner found Sisson totally and permanently disabled. The Board adopted the hearing examiner's decision and found that Sisson's disability attributable to his industrial disease, combined with his age (64 years) and training (eighth–grade education, experienced only in heavy labor), totally and permanently prevented him from engaging in any full–time occupation on a reasonably continuous basis.

Blue Chelan appealed the Board's order to the Superior Court where the case was heard by a jury. The following interrogatories were submitted to the jury:

Interrogatory No. 1:
Was the Board of Industrial Insurance Appeals correct in its determination that Mr. Sisson was totally and permanently disabled on June 14, 1978?
ANSWER: _____ (Yes or No)
If your answer as to Interrogatory No. 1 is "Yes," you will not answer Interrogatory No. 2. If your answer to Interrogatory No. 1 is "No," you will answer Interrogatory No. 2.

Interrogatory No. 2:
On or about June 14, 1978 and as a proximate result of his January 28, 1976 industrial injury, was Mr. Sisson capable of obtaining and performing gainful employment on a reasonably continuous basis?
ANSWER: _____ (Yes or No)
If your answer to Interrogatory No. 2 is "No," you will not answer Interrogatory No. 3. If your answer to Interrogatory No. 2 is "Yes," you will answer Interrogatory No. 3.

Interrogatory No. 3:
Expressed in percentage terms what was Mr. Sisson's permanent partial disability proximately resulting from his industrial injury of January 28, 1976 as said disability existed on or about June 14, 1978?
ANSWER: _____ (not less than 25%)

After the jury had answered interrogatories 1 and 2 "No", the jury informed the court that it had reached a tentative verdict and asked whether it should answer interrogatory 3.

The court instructed the jury to do so, and the jury there-after answered the third interrogatory "50%". The trial court entered judgment on the verdict, affirming the Board's determination that Sisson was totally and perma-nently disabled.

Blue Chelan and the Department both appealed. The Court of Appeals reversed and remanded the cause for a new trial, finding that the answers to the interrogatories were inconsistent. We agree and affirm.

## I

Our disposition of this case depends upon the character-ization of the interrogatories submitted to the jury, that is, upon the form of the verdict. Superior Court Civil Rule 49 describes both general and special verdicts. "A general ver-dict is that by which the jury pronounces generally upon all or any of the issues in favor of either the plaintiff or defendant." CR 49(−). In contrast, a special verdict consists of the jury's responses to specific questions "in the form of a special written finding upon each issue of fact." CR 49(a). The trial court may also submit to the jury a general ver-dict form accompanied by interrogatories upon one or more issues of fact the decision of which is necessary to the ver-dict. CR 49(b).

The three interrogatories submitted to the jury are each special interrogatories which, taken together, comprise the jury's special verdict. While both the first and second interrogatories do address the ultimate issue in the case, neither asks the jury to find generally for the plaintiff or the defendant, nor was the jury ever asked to answer a general verdict form, the hallmark of a general verdict. Consequently, the interrogatories must be construed as a special verdict. *See Simien v. S.S. Kresge Co.*, 566 F.2d 551, 555–56 (5th Cir. 1978).

The jury's responses to the special interrogatories cannot be harmonized. The jury was instructed, in accord-ance with the statutory definition of "permanent total dis-ability", that "[a] worker is totally disabled if *unable to*

*perform regular gainful employment* within the range of his or her capabilities, training, education, or experience." (Italics ours.) Instruction 8. See also instruction 12; RCW 51.08.160. The jury was further instructed that total disability is permanent when it is *"reasonably certain to continue* for the foreseeable future." (Italics ours.) Instruction 8.

For the jury to find that Sisson was not capable of obtaining and performing gainful employment on a reasonably continuous basis, as it did in interrogatory 2, it must also have found that Sisson was totally and permanently disabled. In interrogatory 1, however, the jury found Sisson was *not* totally and permanently disabled. By answering "No" to both interrogatories 1 and 2, the jury in effect found that Sisson both was and was not capable of performing work. The jury's answers are therefore irreconcilably inconsistent.[1]

Neither a trial court nor an appellate court may substitute its judgment for that which is within the province of the jury. In light of the irreconcilable inconsistency in the jury's findings, it is impossible to determine whether the jury meant to affirm or reverse the Board's ruling. Thus, the only proper recourse is to remand the cause for a new trial. *See Great W. Land & Imp. Co. v. Sandygren,* 141 Wash. 451, 252 P. 123 (1927); *Tuthill v. Palermo,* 14 Wn. App. 781, 545 P.2d 588, *review denied,* 87 Wn.2d 1002 (1976); 2 L. Orland, Wash. Prac., *Trial Practice* § 293, at 317 (3d ed. 1972); *see also Andrasko v. Chamberlain Mfg. Corp.,* 608 F.2d 944 (3d Cir. 1979); *Guidry v. Kem Mfg. Co.,* 598 F.2d 402 (5th Cir. 1979) (construing Fed. R. Civ. P. 49), *cert. denied,* 445 U.S. 929 (1980).

## II

Petitioner Sisson argues that the Department has no

---

[1]Even if the first interrogatory could properly be characterized as a "general verdict", the second interrogatory would have to be characterized in the same manner as both interrogatories ask essentially the same question. Thus, no matter how the interrogatories are labeled, they cannot be harmonized.

right to appeal a superior court judgment upholding a decision of the Board. The Department can initiate an appeal from a Board decision to the superior court only in limited circumstances not presented here. RCW 51.52.110. Although the Department may be unable to initiate an appeal to the superior court, it is made a necessary party in such an appeal. *Aloha Lumber Corp. v. Department of Labor & Indus.*, 77 Wn.2d 763, 775, 466 P.2d 151 (1970). Appeal from the judgment of the superior court may be taken by any "aggrieved party". RAP 3.1. Blue Chelan initiated the appeal of the Superior Court's judgment as it was permitted to do under the court rules and our prior decisions. *Allied Stores Corp. v. Department of Labor & Indus.*, 60 Wn.2d 138, 141, 372 P.2d 190 (1962). Thus, the requirement of participation on appeal of the "aggrieved party", Blue Chelan, has been satisfied. We find it unfortunate, however, that the Department was clearly shouldering a disproportionate responsibility on appeal and do not condone such action.

We affirm the Court of Appeals in its result and remand the cause for a new trial.

WILLIAMS, C.J., and UTTER, BRACHTENBACH, and PEARSON, JJ., concur.

DORE, J. (dissenting)—This is a tragic case. On March 3, 1980, the Board of Industrial Insurance Appeals found that workman Edward L. Sisson was not able to obtain and perform gainful employment, and that he was totally and permanently prevented from engaging in any full–time occupation on a reasonably continuous basis, and he was awarded a pension. The employer appealed to the superior court and, after the jury answered interrogatories in his favor, the trial judge rendered judgment upholding the Board. Somehow the superior court judgment was appealed through the free services of the Attorney General, although the employer was never seen at any time during the appellate process, and apparently underwrote none of the

expenses of the appeal.

Today, 4 years later, the majority of our Supreme Court tells workman Sisson that his judgment is worthless and he has to go back to start over again in superior court. This is another flagrant example of why people are exploring other avenues to resolve their legal difficulties. I predict that such a retrial is a waste of judicial and workman time and, in all probability, will result in the same verdict originally awarded in the superior court.

### BOARD'S FINDINGS

The majority has adequately covered the facts, but I would like to emphasize the Board's findings and decision.

Pertinent findings of the Board substantiate its decision that Sisson was permanently and totally disabled:

4. On and prior to June 14, 1978, claimant suffered a condition of acute allergic bronchitis, mild chronic obstructive pulmonary disease, and residual dyspnea on exertion. The allergic bronchitis was caused by the dust encountered in the course of his work at Blue Chelan, Inc. His industrial exposure aggravated and caused a permanent worsening of his pre–existing chronic obstructive pulmonary disease. His condition is fixed. He should avoid heavy physical labor, dust and fumes.

5. Claimant is 64 years old and has an 8th grade education. He has worked at jobs requiring heavy labor including construction, logging, farming and orchard work.

6. On June 14, 1978, claimant's disability attributable to his industrial disease, combined with his age and prior training, totally and permanently prevented him from engaging in any full time occupation on a reasonably continuous basis.

Clerk's Papers, at 19.

As the employer is the appealing party in this matter, RCW 51.52.115 makes the finding and decision of the Board of Industrial Insurance Appeals prima facie correct, and the burden is on the appealing party from a Board decision to show that such findings and decision are not correct and, if the trier of the fact finds the evidence

equally balanced, then the findings of the Board must stand.

*Allison v. Department of Labor & Indus.*, 66 Wn.2d 263, 401 P.2d 982 (1965) states at page 268:

In this context, "prima facie" means that there is a presumption on appeal that the findings and decision of the board, based upon the facts presented to it, are correct until the trier of fact finds from a fair preponderance of the evidence that such findings and decision of the board are incorrect. It must be a preponderance of the credible evidence. If the trier of fact finds the evidence to be equally balanced then the findings of the board must stand. *Groff v. Department of Labor & Indus.*, 65 Wn.2d 35, 395 P.2d 633; *Sumerlin v. Department of Labor & Indus.*, 8 Wn.2d 43, 111 P.2d 603; *McLaren v. Department of Labor & Indus.*, 6 Wn.2d 164, 107 P.2d 230; *Alfredson v. Department of Labor & Indus.*, 5 Wn.2d 648, 105 P.2d 37.

*La Vera v. Department of Labor & Indus.*, 45 Wn.2d 413, 275 P.2d 426 (1954) states at page 415:

The sole fact–finding function in a court review of a board order is to examine the evidence and determine whether or not it clearly preponderates against the board's findings. If not, the appellant has failed to sustain his statutory burden of proof, and the *prima facie* correctness of the board's order has been confirmed.

In view of the statutory guidelines set forth in RCW 51.52.115 and interpretative case law, let us analyze interrogatory 2.

Interrogatory No. 2:
On or about June 14, 1978 and as a proximate result of his January 28, 1976 industrial injury, was Mr. Sisson capable of obtaining and performing gainful employment on a reasonably continuous basis?
ANSWER:___No___ (Yes or No)
If your answer to Interrogatory No. 2 is "No," you will not answer Interrogatory No. 3. If your answer to Interrogatory No. 2 is "Yes," you will answer Interrogatory No. 3.

Clerk's Papers, at 35; instruction 17.

STATUTE DEFINING PERMANENT DISABILITY

RCW 51.08.160 defines "permanent total disability" as:

> "Permanent total disability" means loss of both legs, or arms, or one leg and one arm, total loss of eyesight, paralysis or *other condition permanently incapacitating the worker from performing any work at any gainful occupation.*

(Italics mine.)

The Board, in finding of fact 6, found Sisson to be totally and permanently prevented from engaging in any full–time occupation on a reasonably continuous basis. Clerk's Papers, at 19.

The jury supported and corroborated the Board's finding and decision by answering interrogatory 2—finding that Sisson was not capable of obtaining and performing gainful employment on a reasonably continuous basis. It makes little difference whether we designate interrogatory 2 as a special or general verdict. By its answer of such interrogatory, the jury completely disposed of all issues in the case, for its answer completely upheld the Board's decision and there was no need for any further interrogatories and/or proceedings.

The majority's sole basis for a remand for a new trial is the answer to interrogatory 3. However, as interrogatory 2 had disposed of the entire case, there was no need to answer interrogatory 3, and it is surplusage. In addition, interrogatory 2 specifically prohibits the jury from answering interrogatory 3, saying, "If your answer to Interrogatory No. 2 is 'No,' you will not answer Interrogatory No. 3."

The interrogatories in question here were contained in jury instruction 17. Instruction 17 was not objected to, nor was there any claim such instruction was erroneous on a motion for a judgment n.o.v. or a new trial. On appeal, instruction 17 became the law of the case and cannot be challenged.

CONCLUSION

The jury's finding that Sisson was incapable of obtaining

and performing gainful employment on a reasonably continuous basis affirms the Board's finding and decision that Sisson sustained a total and permanent disability. The Department and employer failed to meet their burden of proof in overturning the presumption of the correctness of the Board's order. The trial court correctly affirmed the Board's findings that Sisson was totally and permanently disabled.

I would have affirmed the judgment of the trial court.

ROSELLINI, DOLLIVER, and DIMMICK, JJ., concur with DORE, J.

Reconsideration denied August 8, 1984.